**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**RUBEN AVENT, 01-A-5796,**

                              **Plaintiff,**                02-CV-828(Sr)

**v.**

**HERBERT, et al.**

                              **Defendants.**

---

## DECISION AND ORDER

By Summary Order entered January 19, 2006, the Court of Appeals for the Second Circuit vacated the dismissal of plaintiff's claim of denial of access to the courts during his incarceration at the Attica Correctional Facility ("Attica"), with instructions to afford plaintiff an opportunity to amend his complaint to state an actionable claim of denial of access to the courts and to allege the personal involvement of defendants Goord and Conway. Dkt. #6.

In addition to his original claim of denial of access to the court during his incarceration at Attica in 2002, plaintiff's amended complaint also alleges denial of access to the court during his incarceration at the Auburn Correctional Facility ("Auburn"), in 2005 and 2006, as well as retaliation for his complaints regarding that denial. Dkt. #10, ¶¶ 58-102. Auburn is located in Cayuga County, which is in the Northern District of New York. 28 U.S.C. § 112(a).

**DISCUSSION AND ANALYSIS**

Defendants Smith, Graham, Bellnier, Stallone, Sharples, Lupo, Parmiter, Connors and Shorr, employees at the Auburn ("Auburn defendants"), move to sever the claims against them pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure and transfer those claims to the Northern District of New York pursuant to 28 U.S.C. §§ 1391 and 1404. Dkt. ##16 & 19.

Plaintiff failed to respond to defendants' motions as directed. Dkt. #21.

Severance

Rule 20 of the Federal Rules of Civil Procedure provides that:

Persons . . . may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Rule 21 of the Federal Rules of Civil Procedure provides that

Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

"The decision whether to sever a party or claim from an action is within the broad discretion of the district court." *German v. Federal Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995). In deciding whether severance is appropriate,

courts generally consider: (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the severable issues require the testimony of different witnesses and different documentary proof; (3) whether the party opposing the severance will be prejudiced if it is granted; and (4) whether the party requesting the severance will be prejudiced if it is not granted. *Id.*

Venue

>28 U.S.C. § 1404(a) provides as follows:
>
>For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

28 U.S.C. § 1391(b) provides that

>A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

"For venue purposes, public officials reside in the district in which they perform their official duties." *Pierce v. Coughlin*, 806 F. Supp. 426, 427 (S.D.N.Y. 1992).

Applying these considerations to the instant case, the Court agrees that plaintiff's allegations pertaining to Auburn should be severed and transferred to the Northern District of New York. *See Peterson v. Scully*, No. 86 Civ. 234, 1987 WL 11564 (S.D.N.Y. May 21, 1987) ("court may determine that, in the interest of justice, an

action against multiple defendants should be severed and certain claims transferred to a more convenient forum."). The allegations pertaining to Auburn involve different defendants at a different correctional facility several years later than the allegations set forth in the original complaint. Although plaintiff generally asserts the same legal theory in support of his claims at both facilities, the witnesses and documentary proof will be distinct. In addition, the Court is sensitive to the burden, upon both the individuals and the taxpayers of New York, of requiring individuals who reside in the Northern District of New York to travel to the Western District of New York to defend against allegations which occurred in the Northern District of New York. As plaintiff is also currently residing in the Northern District of New York, the severance of these claims and transfer to the Northern District of New York will be a convenience to him as well. Accordingly, plaintiff's allegations with respect to the Auburn defendants are hereby severed and transferred to the Northern District of New York.

## CONCLUSION

For the foregoing reasons, defendants' motions (Dkt. ##16 & 19), to sever plaintiff's allegations with respect to the Auburn defendants, *e.g.*, defendants Smith, Graham, Bellnier, Stallone, Sharples, Lupo, Parmiter, Connors and Shorr, from this complaint and transfer venue of these allegations to the Northern District of New York are granted.

Pursuant to 28 U.S.C. 1404(a), the Clerk of the Court is directed to transfer the allegations pertaining to the Auburn defendants, which are generally found at

paragraphs 58-102 of plaintiff's amended complaint (Dkt. #10), to the United States District Court for the Northern District of New York.

The Auburn defendants shall answer or otherwise respond to the allegations within the amended complaint which relate to Auburn in the Northern District of New York no later than **May 8, 2009.**

**SO ORDERED.**

**Dated:    Buffalo, New York**
**March 31, 2009**

<u>s/ H. Kenneth Schroeder, Jr.</u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**
